IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHEDRICK DION GADSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:16-CV-266-WKW |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is Chedrick Dion Gadson's ("Gadson") motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, which was enhanced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  Doc. # 2.[1]

## I.  BACKGROUND AND PROCEDURAL HISTORY

On August 31, 2004, Gadson pleaded guilty under a plea agreement to one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Doc. # 7-3.  The presentence investigation report ("PSI") indicated that Gadson had numerous prior convictions, several of which were for felonies.  Doc. # 7-4 at 6–15.  Among Gadson's prior felony convictions were a June 1991 conviction in Florida for aggravated assault; a March 1993 conviction in Florida for aggravated assault; a May 1994 conviction in Florida

---

[1] References to document numbers (Doc. #(s)) are to the pleadings, motions, and other materials in the court file as designated by the Clerk of Court on the docket sheet in this action.  Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

for aggravated assault with a deadly weapon; and a May 1994 conviction in Florida for delivery of cocaine. *Id*. at 7–11, ¶¶ 26, 27, 29 & 32. The PSI indicated that Gadson was subject to sentence enhancement under 18 U.S.C. § 924(e), the ACCA, because he had the requisite number of prior convictions for violent felonies.[2] *Id*. at 5, ¶ 20; *id*. at 20, ¶ 78.

Gadson's sentencing hearing was held on December 15, 2004. Doc. # 7-5. After adopting the factual statements in the PSI, the district court sentenced Gadson under the ACCA to 180 months in prison. *Id*. at 2–6. The district court entered the judgment on December 21, 2004. Doc. # 7-6 at 1. Gadson took no appeal.

On April 7, 2016, Gadson, proceeding *pro se*, filed what he styled as a petition for writ of habeas corpus under 28 U.S.C. § 2241 presenting claims that (1) the Bureau of Prisons ("BOP") unlawfully denied him credit for time served in federal custody on a sentence imposed against him in 2003 by the United States District Court for the Northern District of Florida; (2) his guilty plea was involuntary because the Government induced him to plead guilty by assuring him that his sentence in this case would run from the commencement date of the sentence imposed on him by the Northern District of Florida in 2003; (3) his counsel rendered ineffective assistance by allowing him to plead guilty upon the belief that his sentence in this case would commence retroactively with the start of his sentence imposed by the Northern District of Florida; and (4) his confinement beyond

---

[2] A conviction under 18 U.S.C. § 922(g)(1) normally carries a sentence of not more than ten years' imprisonment. 18 U.S.C. § 924(a)(2). However, under the ACCA, an individual who violates § 922(g) and has three prior convictions for either violent felonies or serious drug offenses is subject to a mandatory minimum sentence of fifteen years' imprisonment. 18 U.S.C. § 924(e)(1).

2

March 2016, when his sentence imposed by the Northern District of Florida expires, violates his right to protection against double jeopardy. Doc. # 2 at 10–15.

On April 15, 2016, this court entered an order advising Gadson he could proceed under 28 U.S.C. § 2241 only on his claim challenging the BOP's computation of his sentence and that his remaining claims would proceed in a separate action under 28 U.S.C. § 2255.[3]  Doc. # 1 at 1–3.  The court directed the Clerk to open the instant § 2255 action and to docket Gadson's pleadings as a § 2255 motion presenting claims challenging his conviction and sentence. *Id*. at 3.

On May 12, 2016, Gadson filed a document that this court construed as a motion to amend his § 2255 motion to present a claim that, under the Supreme Court's decision in *Johnson v. United States,* 135 S. Ct. 2551 (2015), his prior Florida convictions for aggravated assault do not qualify as "violent felonies" for purposes of the ACCA, and therefore his 15-year sentence as an armed career criminal is unlawful and due to be vacated. Doc. # 5.

Thereafter, this court entered an order in compliance with *Castro v. United States*, 540 U.S. 375 (2003), cautioning Gadson of its re-characterization of his self-styled § 2241 petition, insofar as it presented claims challenging his conviction and sentence, as a motion

---

[3] Gadson's § 2241 petition was initially docketed in Civil Action No. 2:16cv258-WHA.  In an order entered on May 12, 2016, this court transferred the § 2241petition, to the extent Gadson challenged the BOP's computation of his sentence, to the United States District Court for the Middle District of Florida, because Gadson was incarcerated at a federal correctional facility located within that court's jurisdiction when he filed the § 2241 petition.  *See* Civil Action No. 2:16cv258-WHA, Docs. # 3 & 4.  Generally, a proper § 2241 petition must be filed in the district court whose jurisdiction encompasses the petitioner's place of incarceration.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004); *United States v. Plain*, 748 F.2d 620, 621 (11th Cir. 1984).

3

for relief under § 2255, which would be subject to any applicable procedural limitations. Doc. # 8 at 1–2. This court's "*Castro* Order" also directed Gadson to advise the court whether he wished to (1) proceed under § 2255 on his claims challenging his conviction and sentence, including his amended claim under *Johnson*; (2) further amend his § 2255 motion to assert additional claims challenging his conviction and sentence; or (3) withdraw his motion. *Id.* at 2. Gadson filed a response to the *Castro* Order stating that he wished to proceed under § 2255 on his claims challenging his conviction and sentence. Doc. # 11. This case is therefore before the court on three of the claims presented by Gadson in his construed § 2255 motion and the *Johnson* claim in his amendment to the § 2255 motion.[4]

For the reasons that follow, it is the recommendation of the Magistrate Judge that Gadson's § 2255 motion be denied without an evidentiary hearing and that this case be dismissed with prejudice.

## II. DISCUSSION

### A. Gadson's Three Time-Barred Claims

In his construed § 2255 motion, Gadson presents claims that (1) his guilty plea was involuntary because the Government induced him to plead guilty by assuring him that his sentence in this case would run from the commencement date of the sentence imposed on him by the Northern District of Florida in 2003; (2) his counsel rendered ineffective assistance by allowing him to plead guilty upon the belief that his sentence in this case

---

[4] On June 22, 2016, under a Standing Order concerning defendants sentenced in this district who raise claims under *Johnson*, this court appointed the Federal Defender to represent Gadson for purposes of reviewing his case regarding his *Johnson* claim "and to take all appropriate future action as is necessary." Doc. # 12 at 1.

4

would commence retroactively with the start of his sentence imposed by the Northern District of Florida; and (3) his confinement beyond March 2016, when his sentence imposed by the Northern District of Florida expires, violates his right to protection against double jeopardy.  Doc. # 2 at 10–15.  The Government argues that these claims are time-barred under the one-year limitation period for filing § 2255 motions.  Doc. # 7 at 12–14.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year limitation period for § 2255 motions.  Specifically, § 2255 provides that the one-year limitation shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  For federal criminal defendants who do not appeal from a conviction, a judgment of conviction becomes final when the time for filing an appeal expires.  *See Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011); *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000).

Under former Rule 4(b)(1)(A) of the Federal Rules of Appellate Procedure, as it existed at the time of Gadson's sentencing, a criminal defendant was required to file a

notice of appeal within 10 days after the district court judgment being appealed.[5] Gadson did not appeal his conviction to the Eleventh Circuit. As a consequence, his conviction became final on December 31, 2004, when the 10-day period for him to file an appeal from the district court's December 21, 2004 judgment expired. Gadson had one year from that date, until January 2, 2006,[6] to file a timely § 2255 motion. Gadson did not file his § 2255 motion raising the three above-mentioned claims until April 7, 2016, more than 10 years after the expiration of the one-year limitation. Consequently, these claims are time-barred under § 2255(f)(1).

Gadson sets forth no facts or argument to establish that he may use § 2255(f)(2), § 2255(f)(3), or § 2255(f)(4) to provide a triggering date for statute of limitations purposes on these claims. Specifically, Gadson does not allege or show that some unconstitutional governmental action impeded him from filing his § 2255 motion at an earlier date, *see* § 2255(f)(2); or that any of the three untimely claims is based on right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, *see* § 2255(f)(3); or that the facts supporting any of the three above-mentioned claims could not have been discovered earlier through the exercise of due diligence, *see* § 2255(f)(4). Because none of the alternative commencement dates provided by §

---

[5] Fed.R.App.P. 4(b)(1)(A) was amended in 2009, effective December 1, 2009, to increase the time for filing a notice of appeal from 10 to 14 days. *See* Fed.R.App.P. 4 advisory committee notes (2009 Amendments). The pre-amendment version of Rule 4(b)(1)(A) applied to Gadson's case.

[6] One year from December 31, 2004, is December 31, 2005, a Saturday. The first business day after December 31, 2005, is January 2, 2006.

2255(f)(2), (3), and (4) apply in Gadson's case, his three claims are untimely, precluding federal review absent a demonstration of equitable tolling.

To establish eligibility for equitable tolling of AEDPA's limitation period, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The burden of establishing entitlement to equitable tolling rests with the petitioner. *Hollinger v. Sec'y Dep't of Corrs.*, 334 F. App'x 302, 306 (11th Cir. 2009). Gadson neither alleges nor shows that he is entitled to equitable tolling to extend the limitation period in his case. Thus, he cannot avail himself of the benefits of equitable tolling.

Because the alternative commencement dates provided by § 2255(f)(2), (3), and (4) or by application of equitable tolling do not apply to Gadson's three above-mentioned claims, the timeliness of these three claims in Gadson's motion is calculated from December 31, 2004, the date that his conviction became final. *See* 28 U.S.C. § 2255(f)(1). Gadson's three above-mentioned claims raised in his § 2255 motion, filed on April 7, 2016, are untimely, precluding federal review of these claims.

**B.    Gadson's *Johnson* Claim**

In his May 12, 2016 amendment to his § 2255 motion, Gadson presents a claim that, under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), his prior Florida convictions for aggravated assault do not qualify as "violent felonies" for

7

purposes of the ACCA, and therefore his 15-year sentence as an armed career criminal is unlawful and due to be vacated. Doc. # 5.

In *Johnson,* which was decided on June 26, 2015, the Supreme Court determined that the definition of "violent felony" under the ACCA's so called "residual clause," 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. *See* 135 S. Ct. at 2557–59, 2563. In April 2016, in *Welch v. United States*, 136 S.Ct. 1257 (2016), the Supreme Court held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. 136 S.Ct. at 1264–65. Section 2255(f)(3) reopens AEDPA's one-year limitation period from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Gadson first asserted his *Johnson* claim in his May 12, 2016 amendment to his § 2255 motion. Because the claim was asserted within one year after the Supreme Court's June 26, 2015 decision in *Johnson*, it is timely presented to this court and is subject to review on the merits.[7]

---

[7] The timeliness of Gadson's *Johnson* claim does not revive his previously discussed untimely claims, because his untimely claims are not based on *Johnson* or any new right recognized and made retroactive by any other Supreme Court decision. The AEDPA statute of limitations applies on a claim-by-claim basis. *Zack v. Tucker*, 704 F.3d 917, 926 (11th Cir. 2013) (citation omitted) (stating, "We are 'confident Congress did not want to produce' a result in which a timely claim 'miraculously revive[s]' untimely claims…. Accordingly, we hold that the statute of limitations in AEDPA applies on a claim-by claim basis in a multiple trigger date case."); *Beeman v. United States*, 871 F.3d 1215, 1219 (11th Cir. 2017) ("If a § 2255 movant asserts that his § 2255 motion is timely because he filed it within one year of the Supreme Court's issuance of a decision recognizing a new right, we must determine whether each claim asserted in the motion depends on that new decision. If a particular claim does not depend on that new decision, that claim is untimely and must be dismissed.").

Under the ACCA, an individual who violates 18 U.S.C. § 922(g) and has three prior convictions for either violent felonies or serious drug offenses is subject to a mandatory minimum sentence of fifteen years' imprisonment. 18 U.S.C. § 924(e)(1). The ACCA defines the term "violent felony" as any crime punishable by a term of imprisonment exceeding one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives; or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).[8] The first prong of this definition, § 924(e)(2)(B)(i), is known as the "elements clause." *See In re Sams*, 830 F.3d 1234 (11th Cir. 2016). The second prong, § 924(e)(2)(B)(ii), is itself split into two clauses. The first part, listing burglary, arson, extortion, or an offense involving the use of explosives, is known as the "enumerated offenses clause," and the second part is known as the "residual clause." *Id.*

In *Johnson*, the Supreme Court held that the ACCA's residual clause—i.e., the language covering offenses that "present[ ] a serious potential risk of physical injury to another"—is unconstitutionally vague. 135 S. Ct. at 2563. The Court reasoned: "[T]he indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges. Increasing a defendant's

---

[8] For purposes of this Recommendation, the court cites and considers the ACCA as it existed at the time of Gadson's sentencing.

sentence under the clause denies due process of law." *Id*. at 2557. After *Johnson,* only the ACCA's enumerated offenses clause and elements clause remain intact.[9] A § 2255 claim challenging a sentence under the residual clause has come to be known as a "*Johnson* claim."

Gadson argues that his ACCA sentence is unlawful under *Johnson* because the district court counted his Florida aggravated assault convictions as violent felonies based on the ACCA's now-invalid residual clause.[10] Doc. # 5 at 2. If his three prior aggravated assault conviction are excluded from use under the ACCA, he says, he does not have the required number of prior qualifying convictions needed to trigger application of the ACCA. Doc. # 5. Thus, he maintains that he is entitled to be resentenced without application of the ACCA. *Id.*

Gadson's *Johnson* claim entitles him to no relief. The Eleventh Circuit has held that a Florida aggravated assault conviction under Fla. Stat. § 784.021 "will always include 'as an element the . . . threatened use of physical force against the person of another'" and thus categorically qualifies as a violent felony under the ACCA's still-valid elements clause. *Turner v. Warden Coleman FCI (Medium)*, 709 F. 3d 1328, 1338 (11th Cir. 2013), *abrogated on other grounds by Johnson*, 135 S.Ct. 2551. *See also In re Rogers*, 825 F.3d 1335, 1340–41 (11th Cir. 2016) (relying on *Turner* to reject petitioner's claim under

---

[9] The Court in *Johnson* stated, "Today's decision does not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the [ACCA's] definition of a violent felony." 135 S. Ct. at 2563.

[10] Gadson has June 1991 and March 1993 convictions in Florida for aggravated assault, in violation of Fla. Stat. § 784.021(2), and a May 1994 conviction in Florida for aggravated assault with a deadly weapon, in violation of Fla. Stat. § 784.021(1).

10

*Johnson* that his Florida conviction for aggravated assault did not qualify as a violent felony for purposes of the ACCA); *United States v. Golden*, 854 F.3d 1256, 1256–57 (11th Cir. 2017) (reaffirming *Turner*'s holding that a conviction for aggravated assault under Fla. Stat. § 784.021 qualifies under the elements clause of the ACCA); *Unites States v. Butler*, 714 F. App'x 980, 981–82 (11th Cir. 2018) (holding *Turner* to be controlling law dispositive of question whether Florida conviction for aggravated assault is a violent felony under the ACCA's elements clause).

Because binding Eleventh Circuit precedent establishes that a Florida conviction for aggravated assault is categorically a violent felony under the ACCA's elements clause, Gadson is entitled to no relief on his *Johnson* claim. Gadson fails to sustain his claim that the district court counted his Florida aggravated assault convictions as violent felonies based on the ACCA's now-invalid residual clause. His three Florida aggravated assault convictions all qualified as predicate offenses—violent felonies—that the district court could properly rely on to sentence him under the ACCA. Because Gadson has at least three prior qualifying predicate convictions, there is no error in his ACCA sentence and his § 2255 motion is due to be denied.[11]

---

[11] Although Gadson's three prior aggravated assault convictions are sufficient to support the ACCA enhancement, this court notes that Gadson has at least a fourth prior qualifying predicate conviction for purposes of the ACCA, his May 1994 conviction in Florida for delivery of cocaine. The Eleventh Circuit has held that a conviction under Fla. Stat. § 893.13 involving manufacturing, delivering, distributing, or possessing with intent to manufacture, deliver, or distribute, a controlled substance constitutes a "serious drug offense" for purposes of the ACCA. *See United States v. Smith*, 775 F.3d 1262, 1268 (11th Cir. 2014); *United States v. Anderson*, 723 F. App'x 833, 835–36 (11th Cir. 2018); *United States v. Hale*, 705 F. App'x 876, 879–80 (11th Cir. 2017). In any event, a claim challenging use of Gadson's Florida conviction for delivery of cocaine as a prior qualifying predicate conviction for purposes of the ACCA would seem to be time-barred under AEDPA's limitation period, as there is no basis for extending *Johnson*'s holding

.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Gadson be DENIED and this case DISMISSED with prejudice because:

1. The following claims in the § 2255 motion are untimely under the limitation period in 28 U.S.C. § 2255(f): Gadson's claims that (a) his guilty plea was involuntary because the Government induced him to plead guilty by assuring him that his sentence in this case would run from the commencement date of the sentence imposed on him by the Northern District of Florida in 2003; (b) his counsel rendered ineffective assistance by allowing him to plead guilty upon the belief that his sentence in this case would commence retroactively with the start of his sentence imposed by the Northern District of Florida; and (c) his confinement beyond March 2016, when his sentence imposed by the Northern District of Florida expires, violates his right to protection against double jeopardy.

2. Gadson's claim for relief under *Johnson v. United States* is without merit.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before November 20, 2018. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous,

---

regarding violent felonies and the ACCA's residual clause to the serious-drug-offense language of the ACCA. Thus, the limitation period for raising such a claim is found in § 2255(f)(1), not § 2255(f)(3).

conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

Done this 6th day of November, 2018.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE